IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 13-cv-01786-WYD-KMT

ROBERT C. CROUSE, an individual,

    Plaintiff,

v.

THE CITY OF COLORADO SPRINGS, a Colorado governmental entity;
THE CITY OF COLORADO SPRINGS POLIC DEPARTMENT, a local governmental entity;
PETER CARY, in his official capacity as the Chief of the Colorado Springs Police Department;
EL PASO COUNTY, a Colorado governmental entity;
DAN MAY, in his official capacity as the District Attorney for El Paso County;
NICK BAYNE, in his official and individual capacity; and,
UNKNOWN MEMBERS OF THE COLORADO SPRINGS POLICE DEPARTMENT, in their official and individual capacities,

    Defendants.

_____

**ORDER**
_____

THIS MATTER is before the Court on the defendants' Joint Motion To Dismiss Plaintiff's First Amended Complaint (DOC. 15) Pursuant To Fed. R. Civ. P. 12(b)(1) [ECF No. 20] and the plaintiff's Motion To Remand Action To State Court [ECF No. 21]. For the reasons stated below:  (1) the plaintiff's Motion To Remand Action To State Court [ECF No. 21] is GRANTED and this action is REMANDED to the District Court for El Paso County, State of Colorado; and, (2) the defendants' Joint Motion To Dismiss Plaintiff's First Amended Complaint (DOC. 15) Pursuant To Fed. R. Civ. P. 12(b)(1) [ECF No. 20] is DENIED AS MOOT.

## BACKGROUND

On May 3, 2013, plaintiff, Robert C. Crouse, filed suit against the City of Colorado Springs, the Colorado Springs Police Department ("CSPD"), CSPD Chief, Peter Carey, El Paso County, El Paso County District Attorney, Dan May, Nick Bayne, and unknown members of the Colorado Springs Police Department (collectively "the Defendants") in the District Court for El Paso County, State of Colorado, alleging that the Defendants failed to preserve his medical marijuana plants and refined medical marijuana which were seized pursuant to a search of Crouse's residence on May 5, 2011. Crouse alleges these claims under 42 U.S.C. §§ 1983 and 1988 and Article XVIII, § 14 of the Colorado Constitution.

On July 8, 2013, the Defendants filed a Notice Of Removal [ECF No. 1] and removed the case to the United States District Court for the District of Colorado on the basis of federal question subject matter jurisdiction under 28 U.S.C. § 1331 pursuant to Crouse's § 1983 claim.[1] On July 15, 2013, the Defendants filed a Motion To Dismiss Plaintiff's Complaint And Jury Demand (Doc. 5) Pursuant To Fed. R. Civ. P. 8(a), 12(b)(1), and (6) [ECF No. 11]. In response to that motion [ECF No. 11], Crouse filed an Amended Complaint [ECF No. 15] on July 31, 2013, asserting only Colorado state law claims against the Defendants.

On August 14, 2013, the Defendants filed a Joint Motion To Dismiss Plaintiff's First Amended Complaint (DOC. 15) Pursuant To Fed. R. Civ. P. 12(b)(1) [ECF No. 20]. The Defendants argue that because the Amended Complaint [ECF No. 15] is void of

---

[1] Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

any claims under federal law, this Court lacks subject matter jurisdiction and Crouse's claims should be dismissed without prejudice.  That same day, Crouse filed a Motion To Remand Action To State Court [ECF No. 20].  Crouse admits that his Amended Complaint [ECF No. 15] does not contain any claims under federal law, but argues that remand, not dismissal without prejudice, is proper.

## ANALYSIS

The Defendants base removal on Crouse's claim under § 1983. ECF No. 1, p. 2, ¶ 4 (stating that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 "because Plaintiff asserts claims against Defendants under 42 U.S.C. § 1983 for violation of the Fifth and Fourteenth Amendments to the Constitution of the United States").  Subsequent to removal, Crouse filed an Amended Complaint [ECF No. 15] which contains only Colorado state law claims.  Because subject matter jurisdiction in this action is based on federal question jurisdiction *i.e.*, Crouse's § 1983 claim, and because Crouse voluntarily omitted his § 1983 claim from the Amended Complaint [ECF No. 15], this Court lacks subject matter jurisdiction over Crouse's Colorado state law claims.  Further, because Crouse's § 1983 claim is no longer before this Court, I decline to exercise supplemental jurisdiction over Crouse's Colorado state law claims. *See* 28 U.S.C. § 1367(c)(3)[2]; *Smith v. City of Enid by & ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (citations omitted) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims").  As such, this action is REMANDED to the District Court for El Paso County, State of Colorado.

---

[2] Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction . . . "

## CONCLUSION

After careful consideration of the matters before this Court, it is

ORDERED that Crouse's Motion To Remand Action To State Court [ECF No. 21] is **GRANTED** and this action is **REMANDED** to the District Court for El Paso County, State of Colorado. It is

FURTHER ORDERED that the Defendants' Joint Motion To Dismiss Plaintiff's First Amended Complaint (DOC. 15) Pursuant To Fed. R. Civ. P. 12(b)(1) [ECF No. 20] is **DENIED AS MOOT**.

Dated: November 5, 2013.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge